■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMELO DEJESUS, Appellant. [921 NYS2d 873]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (Erlbaum, J.), imposed September 17, 2009, which, upon his conviction of assault in the first degree, aggravated criminal contempt, and criminal possession of a weapon in the fourth degree, upon a jury verdict, imposed a period of postrelease supervision in addition to the concurrent determinate terms of imprisonment previously imposed on July 1, 2003.

Ordered that the resentence is affirmed.

The defendant was convicted, after a jury trial, of assault in the first degree, aggravated criminal contempt, and criminal possession of a weapon in the fourth degree. On July 1, 2003, he was sentenced to a determinate term of imprisonment of 10 years on the conviction of assault in the first degree, an indeterminate term of imprisonment of 2⅓ to 7 years on the conviction of aggravated criminal contempt, and a determinate term of imprisonment of one year on the conviction of criminal possession of a weapon in the fourth degree. However, the Supreme Court did not impose the statutorily required period of postrelease supervision. On September 17, 2009, the defendant was brought before the Supreme Court for resentencing so the mandatory period of postrelease supervision could be imposed (see Penal Law § 70.45; Correction Law § 601-d).

Since the defendant had not yet completed his originally-imposed sentence of imprisonment when he was resentenced, the resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (see People v Lingle, 16 NY3d 621 [2011]).

A court to which a matter has been remitted for resentencing solely for the purpose of imposing a required term of postrelease supervision does not have the authority to consider whether to reduce the defendant's sentence as a whole (id.). Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur.