■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICOLE BURGOS, Appellant. [921 NYS2d 898]—Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed May 1, 2009, which, upon her conviction of assault in the first degree, upon her plea of guilty, imposed a period of postrelease supervision in addition to the determinate sentence of imprisonment previously imposed on October 5, 1999.

Ordered that the resentence is affirmed.

In 1999, upon the defendant's conviction of assault in the first degree, the Supreme Court sentenced the defendant to a determinate prison term of 12 years. At that time, however, the Supreme Court failed to impose the statutorily required period of postrelease supervision (hereinafter PRS). On May 1, 2009, while the defendant was still incarcerated in connection with that conviction, she was brought before the Supreme Court for resentencing so that the mandatory period of PRS could be imposed (*see* Penal Law § 70.45; Correction Law § 601-d).

Contrary to the defendant's contention, her constitutional right to due process was not violated by the resentencing because she had not yet completed her originally-imposed sentence of imprisonment when she was resentenced (*see People v Lingle*, 16 NY3d 621 [2011]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit (*see People v Johnson*, 78 AD3d 965, 966 [2010], *lv denied* 16 NY3d 798 [2011]). Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur.