■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNEL HOFFMAN, Appellant. [925 NYS2d 511]—Appeal by the defendant from a resentence of the Supreme Court, Queens County (Kron, J.), imposed May 26, 2010, which, upon his conviction of robbery in the first degree (two counts), robbery in the second degree (three counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, imposed a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on June 25, 2002.

Ordered that the resentence is affirmed.

Since the defendant had not yet completed his originally-

imposed sentence of imprisonment when he was resentenced, the resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621 [2011]).

A court to which a matter has been remitted for resentencing solely for the purpose of imposing a required term of postrelease supervision does not have the authority to consider whether to reduce the defendant's sentence as a whole (*id.*).

The defendant's remaining contention is without merit. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.