■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARKELL MYRICK, Appellant. [923 NYS2d 346]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Parker, J.), imposed May 27, 2010, which, upon his conviction of robbery in the first degree, upon a jury verdict, imposed a period of postrelease supervision of five years in addition to the determinate term of imprisonment previously imposed on April 26, 2004.

Ordered that the resentence is affirmed.

The defendant was convicted of robbery in the first degree and sentenced to a determinate term of 17 years of imprisonment on April 26, 2004. The sentencing court did not pronounce the statutorily required period of postrelease supervision at that time. On May 27, 2010, the Supreme Court resentenced the defendant to a period of five years of postrelease supervision in addition to the 17-year term of imprisonment previously imposed on April 26, 2004. The defendant had not yet completed his originally-imposed sentence of 17 years of imprisonment when he was resentenced.

Contrary to the defendant's contention, his resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621 [2011]). Moreover, the Supreme Court could not reconsider the originally-imposed sentence of 17 years of imprisonment when it resentenced the defendant, and we are without authority to reduce that sentence of imprisonment in the interest of justice on this appeal (*id.*). Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.