■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GINA GUILLEN, Appellant. [926 NYS2d 297]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (Latella, J.), imposed September 16, 2009, which, upon her conviction of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a

jury verdict, imposed a period of postrelease supervision of three years in addition to the determinate term of imprisonment originally imposed on May 10, 2005.

Ordered that the resentence is affirmed.

Since the defendant had not yet completed her originally imposed sentence of imprisonment when she was resentenced, resentencing her to a term which included the statutorily required period of postrelease supervision did not subject her to double jeopardy or violate her right to due process (*see People v Lingle*, 16 NY3d 621 [2011]; *People v McCoy*, 84 AD3d 655 [2011]; *People v Myrick*, 84 AD3d 1272 [2011]; *People v Burgos*, 84 AD3d 975 [2011]; *People v Hoffman*, 84 AD3d 978 [2011]; *People v DeJesus*, 84 AD3d 832 [2011]). Moreover, the Supreme Court had no discretion to reconsider the originally imposed term of imprisonment in resentencing the defendant solely for the purpose of imposing a required term of postrelease supervision (*see People v Lingle*, 16 NY3d 621 [2011]; *People v Myrick*, 84 AD3d 1272 [2011]; *People v DeJesus*, 84 AD3d 832 [2011]).

The period of postrelease supervision imposed at resentencing was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Florio, Austin and Cohen, JJ., concur.