■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARNABAS LOUIS, Appellant. [935 NYS2d 516]—

Contrary to the defendant's contention, his resentencing to a term including the statutorily-required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process, since he had not yet completed his originally-imposed sentence of imprisonment at the time he was resentenced (*see People v Lingle*, 16 NY3d 621, 630-632 [2011]; *People v Dawkins*, 87 AD3d 550 [2011]; *People v Harris*, 86 AD3d 543 [2011], *lv denied* 17 NY3d 859 [2011]; *People v Guillen*, 85 AD3d 1201 [2011], *lv denied* 17 NY3d 859 [2011]).

The defendant's remaining contentions are without merit. Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE R. MILES, Appellant. [934 NYS2d 864]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.