THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT THOMPSON, Appellant. [938 NYS2d 443]

The defendant pleaded guilty to assault in the first degree in 2003, and he was sentenced, as a second felony offender, to a determinate term of 12 years of imprisonment (*see* Penal Law § 70.06 [6]). At that time, however, the Supreme Court failed to impose the statutorily required period of postrelease supervision (*see People v Sparber*, 10 NY3d 457 [2008]). On November 18, 2010, while the defendant was still incarcerated in connection with that conviction, he was brought before the Supreme Court for resentencing so that the mandatory period of postrelease supervision could be imposed (*see* Penal Law § 70.00 [6]; § 70.45 [2]; Correction Law § 601-d).

Contrary to the defendant's contentions, his resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621, 630-633 [2011]; *People v Harris*, 86 AD3d 543, 543-544 [2011]; *People v Burgos*, 84 AD3d 975 [2011]; *People v Young*, 78 AD3d 744 [2010]). Skelos, J.P., Hall, Austin and Miller, JJ., concur.