■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHAILIESH SINGH, JONDALE WILLIS, and SHAMON BROWN, Respondents. [940 NYS2d 879]—Appeal by the People from an order of the Supreme Court, Kings County (Reichbach, J.), dated May 17, 2010, which, upon the conviction of the defendant Shailiesh Singh of assault in the first degree and criminal possession of a weapon in the second degree under indictment No. 4846/01, upon a jury verdict, upon the conviction of the defendant Jondale Willis of robbery in the first degree under indictment No. 3026/00, upon his plea of guilty, and upon the conviction of the defendant Shamon Brown of robbery in the first degree (two counts) under indictment No. 9783/99, upon his plea of guilty, granted the defendants' separate motions pursuant to CPL 440.20 and Penal Law § 70.85 to vacate resentences of the same court imposed on March 11, 2009, April 21, 2009, and February 5, 2009, respectively, all of which imposed periods of postrelease supervision in addition to the determinate terms of imprisonment previously imposed on September 9, 2002, May 30, 2001, and July 24, 2000, respectively.

Ordered that the order is reversed, on the law, and the motions are denied.

Since none of the defendants had completed their originally imposed sentences of imprisonment when they were resentenced, the resentencing to a term including the statutorily required period of postrelease supervision did not subject the defendants to double jeopardy or violate their rights to due process of law (*see People v Lingle*, 16 NY3d 621 [2011]; *People v Edwards*, 89 AD3d 1034 [2011]; *People v Douglas*, 89 AD3d 959 [2011]; *People v Harris*, 89 AD3d 863 [2011]; *People v Algarin*, 89 AD3d 859 [2011], *lv denied* 18 NY3d 881 [2012]; *People v Dawkins*, 87 AD3d 550 [2011]). Accordingly, the Supreme Court

erred in granting the defendants' motions to vacate the resentences.

The defendants Singh and Willis ask this Court to modify their original determinate sentences. However, this Court lacks the authority to reconsider the incarceratory component of their sentences on this appeal (*cf. People v Lingle*, 16 NY3d at 635; *People v Edwards*, 89 AD3d 1034 [2011]; *People v Myrick*, 84 AD3d 1272 [2011]). Rivera, J.P., Skelos, Dillon and Angiolillo, JJ., concur. **[Prior Case History: 28 Misc 3d 923.]**