■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL MANDRALL, Respondent. [940 NYS2d 886]—Appeal by the People from an order of the Supreme Court, Kings County (Firetog, J.), dated April 20, 2010, which, upon the defendant's conviction of burglary in the second degree (two counts), upon his plea of guilty, granted the defendant's motion pursuant to CPL 440.20 and Penal Law § 70.85 to vacate a resentence of the same court imposed September 10, 2009, which imposed a period of postrelease supervision in addition to the determinate terms of imprisonment previously imposed on April 8, 2002.

Ordered that the order is reversed, on the law, and the motion is denied.

Since the defendant had not yet completed his originally imposed sentence of imprisonment when he was resentenced, the resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621 [2011]; *People v Edwards*, 89 AD3d 1034 [2011]; *People v Douglas*, 89 AD3d 959 [2011]; *People v Harris*, 89 AD3d 863 [2011]; *People v Algarin*, 89 AD3d 859 [2011], *lv denied* 18 NY3d 881 [2012]; *People v Dawkins*, 87 AD3d 550 [2011]). Accordingly, the Supreme Court erred in granting the defendant's motion to vacate the resentence.

Moreover, this Court lacks the authority to reconsider the incarceratory component of the defendant's sentence on this appeal (*cf. People v Lingle*, 16 NY3d at 635; *People v Edwards*, 89 AD3d 1034 [2011]; *People v Myrick*, 84 AD3d 1272 [2011]). Rivera, J.P., Skelos, Dillon and Angiolillo, JJ., concur.