■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARLOS MARIN, Respondent. [940 NYS2d 888]—Appeal by the People from an order of the Supreme Court, Kings County (Brennan, J.), dated April 8, 2010, which, upon the defendant's conviction of robbery in the first degree (four counts) and robbery in the third degree (four counts), upon a jury verdict, granted the de-

fendant's motion pursuant to CPL 440.20 and Penal Law § 70.85 to vacate a resentence of the same court imposed April 24, 2009, which imposed a period of postrelease supervision in addition to the determinate terms of imprisonment previously imposed on November 29, 2001.

Ordered that the order is reversed, on the law, and the motion is denied.

Since the defendant had not yet completed his originally imposed sentence of imprisonment when he was resentenced, the resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621 [2011]; *People v Edwards*, 89 AD3d 1034 [2011]; *People v Douglas*, 89 AD3d 959 [2011]; *People v Harris*, 89 AD3d 863 [2011]; *People v Algarin*, 89 AD3d 859 [2011], *lv denied* 18 NY3d 881 [2012]; *People v Dawkins*, 87 AD3d 550 [2011]). Accordingly, the Supreme Court erred in granting the defendant's motion to vacate the resentence.

Moreover, this Court lacks the authority to reconsider the incarceratory component of the defendant's sentence on this appeal (*cf. People v Lingle*, 16 NY3d at 635; *People v Edwards*, 89 AD3d 1034 [2011]; *People v Myrick*, 84 AD3d 1272 [2011]). Rivera, J.P., Skelos, Dillon and Angiolillo, JJ., concur.