■ The People of the State of New York, Appellant, v Devon Taylor, Respondent. [940 NYS2d 891]—Appeal by the People from an order of the Supreme Court, Kings County (Brennan, J.), dated June 2, 2010, which, upon the defendant's conviction of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, granted the defendant's motion pursuant to CPL 440.20 and Penal Law § 70.85 to vacate a resentence of the same court imposed January 13, 2009, which imposed a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on January 24, 2003.

■ The People of the State of New York, Appellant, v Robert Taylor, Respondent. [940 NYS2d 884]—Appeal by the People from an order of the Supreme Court, Kings County (Firetog, J.), dated April 9, 2010, which, upon the defendant's conviction of robbery in the first degree, upon his plea of guilty, granted the defendant's motion pursuant to CPL 440.20 and

Penal Law § 70.85 to vacate a resentence of the same court imposed March 24, 2009, which imposed a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on December 21, 2000.

Ordered that the order is reversed, on the law, and the motion is denied.

Since the defendant had not yet completed his originally imposed sentence of imprisonment when he was resentenced, the resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621 [2011]; *People v Edwards*, 89 AD3d 1034 [2011]; *People v Douglas*, 89 AD3d 959 [2011]; *People v Harris*, 89 AD3d 863 [2011]; *People v Algarin*, 89 AD3d 859 [2011], *lv denied* 18 NY3d 881 [2012]; *People v Dawkins*, 87 AD3d 550 [2011]). Accordingly, the Supreme Court erred in granting the defendant's motion to vacate the resentence. Rivera, J.P., Skelos, Dillon and Angiolillo, JJ., concur.