Appeal by the defendant from a resentence of the Supreme Court, Kings County (Tomei, J.), imposed August 15, 2011, which, upon his conviction of attempted murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, imposed periods of postrelease supervision in addition to the determinate terms of imprisonment previously imposed on July 19, 2004.
Ordered that the resentence is affirmed.
Contrary to the defendant’s contention, his resentencing to terms which included the statutorily required periods of post-release supervision did not subject him to double jeopardy or violate his right to due process of law, since he had not yet *757 completed his originally imposed sentence of imprisonment at the time he was resentenced (see People v Lingle, 16 NY3d 621, 630, 632 [2011]; People v Mills, 90 AD3d 1076 [2011]; People v Louis, 90 AD3d 1075 [2011]; People v Dawkins, 87 AD3d 550 [2011]; People v Harris, 86 AD3d 543, 543-544 [2011]).
The periods of postrelease supervision imposed at resentencing were not excessive (see People v Guillen, 85 AD3d 1201, 1202 [2011]; People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contention is without merit (see Penal Law § 70.30; People v Buss, 11 NY3d 553, 557 [2008]; People v Brinson, 90 AD3d 670, 671-672 [2011], lv granted 18 NY3d 992 [2012]). Rivera, J.P., Lott, Roman and Sgroi, JJ., concur.