■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONRAD MARHONE, Appellant. [965 NYS2d 881]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (Buchter, J.), imposed June 19, 2012, which, upon his conviction of murder in the second degree, robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, imposed a period of postrelease supervision on the convictions of robbery in the first degree (two counts) and robbery in the second degree, in addition to the determinate term of imprisonment previously imposed by the same court on April 22, 2002.

Ordered that the resentence is affirmed.

Contrary to the defendant's contention, his resentencing to a term which included the statutorily required period of post-release supervision did not subject him to double jeopardy or

violate his right to due process of law, since, at the time he was resentenced, he had not yet completed the sentence of imprisonment originally imposed upon him (see People v Lingle, 16 NY3d 621, 630 [2011]; People v Dolberry, 95 AD3d 1357 [2012]; People v Dawkins, 87 AD3d 550 [2011]). Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.