■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS T. SIMMS, Appellant. [965 NYS2d 884]—Appeal by the defendant from a second resentence of the Supreme Court, Queens County (Blumenfeld, J.), imposed September 22, 2011, upon his convictions of assault in the first degree, assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, the second resentence being periods of postrelease supervision in addition to the determinate terms of imprisonment previously imposed by the same court (Spires, J.), upon his first resentence on May 1, 2002.

Ordered that the second resentence is affirmed.

Since the defendant was still serving his first resentence when the second resentence was imposed, the second resentence to a term including the statutorily required periods of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (see *People v Lingle*, 16 NY3d 621, 630-633 [2011]; *People v Cooke*, 94 AD3d 1138 [2012]; *People v Thompson*, 92 AD3d 812 [2012]; *People v Harris*, 86 AD3d 543, 543-544 [2011]). Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR WHITEHEAD, Appellant. [965 NYS2d 882]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated May 17, 2011 (*People v Whitehead*, 84 AD3d 1128 [2011]), affirming a judgment of the County Court, Suffolk County, rendered June 30, 2008.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (see *Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Dillon, J.P., Chambers, Cohen and Miller, JJ., concur.