Proceeding pursuant to CPLR article 78 in the nature of prohibition, to prohibit the respondent Albert Tomei, a Justice of the Supreme Court, Kings County, from enforcing an oral order issued from the bench on December 6, 2012, compelling the petitioner to appear in court for resentencing and directing that a bench warrant be issued for his arrest if he failed to so appear, and to prohibit the respondent Charles J. Hynes, Kings County District Attorney, from seeking to have the petitioner resentenced to add a period of postrelease supervision. Pursuant to a temporary restraining order contained in an order to show cause dated December 11, 2012, this Court stayed enforcement of the oral order issued from the bench on December 6, 2012.
Adjudged that the petition is granted, without costs or disbursements, and the respondent Albert Tomei, a Justice of the Supreme Court, Kings County, is prohibited from enforcing the oral order issued December 6, 2012, and from resentencing the petitioner to add a period of postrelease supervision, and the respondent Charles J. Hynes, Kings County District Attorney, is prohibited from seeking to have the petitioner resentenced to add a period of postrelease supervision.
The petitioner was convicted of three counts of robbery in the first degree and sentenced to a term of imprisonment on November 1, 1999. He was conditionally released from prison on July 13, 2007. On November 17, 2008, before the maximum expiration date of his original sentence, the petitioner was resentenced to add a five-year period of postrelease supervision (hereinafter PRS) based upon a Sparber error" (see People v Sparber, 10 NY3d 457 [2008]). Following the Court of Appeals decision in People v Williams (14 NY3d 198 [2010], cert denied 562 US —, 131 S Ct 125 [2010]), the petitioner moved pursuant to CPL 440.20 and Penal Law § 70.85 to vacate the PRS portion of his resentence. By order dated May 10, 2010, the Supreme *987 Court granted the motion. The People appealed from that order, seeking reinstatement of PRS, and by decision and order dated March 27, 2012, this Court reversed the order (see People v Dow, 93 AD3d 857 [2012]).
Subsequent to this Court’s decision and order dated March 27, 2012, the respondent Charles J. Hynes, the Kings County District Attorney, sought to have the petitioner resentenced to add a period of PRS. On December 6, 2012, the respondent Albert Tomei, a Justice of the Supreme Court, Kings County, issued an oral order from the bench compelling the petitioner to appear in court for resentencing and directing that a bench warrant be issued for his arrest if he failed to so appear. The petitioner presently resides in North Carolina with his wife and children. He commenced this CPLR article 78 proceeding in the nature of prohibition to prohibit Justice Tomei from enforcing the oral order issued December 6, 2012, and to prohibit the respondent District Attorney from seeking to resentence him to a period of PRS (see CPLR 506 [b] [1]).
The remedy of prohibition generally lies when a court or an officer acts or threatens to act without jurisdiction or exceeds its authorized powers in a proceeding over which it has jurisdiction (see CPLR 7803 [2]; Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]; Matter of Rush v Mordue, 68 NY2d 348, 352 [1986]; Matter of Steingut v Gold, 42 NY2d 311, 315 [1977]; Matter of State of New York v King, 36 NY2d 59, 62 [1975]; Matter of Brown v Blumenfeld, 103 AD3d 45, 54 [2012]). To warrant the extraordinary remedy of prohibition, it is not enough that the court made a mere legal error. Rather, the court’s error must implicate its very powers and thereby be subject to correction by prohibition (see Matter of Rush v Mordue, 68 NY2d at 353; Matter of Steingut v Gold, 42 NY2d at 315; La Rocca v Lane, 37 NY2d 575, 580 [1975], cert denied 424 US 968 [1976]; Matter of State of New York v King, 36 NY2d at 62).
In this Court’s decision and order dated March 27, 2012, we reversed the Supreme Court’s order dated May 10, 2010, and denied the defendant’s motion to vacate the resentence imposed on November 17, 2008 (see People v Dow, 93 AD3d at 857). The result of this Court’s decision and order was to reinstate the period of PRS that had been erroneously vacated by the Supreme Court in its order dated May 10, 2010. This Court did not remit the matter to the Supreme Court for resentencing, nor did it direct any further action on the part of the Supreme Court. Accordingly, we conclude that prohibition lies and, in the exercise of our discretion, we grant the remedy of prohibition (see Matter of Brown v Blumenfeld, 103 AD3d at 55). Rivera, J.P., Skelos, Dillon and Angiolillo, JJ., concur.