*684 Appeal by the defendant from a resentence of the Supreme Court, Queens County (Knopf, J.), imposed May 8, 2012, upon his conviction of robbery in the first degree, sodomy in the first degree (two counts), sexual abuse in the first degree (two counts), and unlawful imprisonment in the first degree, upon a jury verdict, the resentence being periods of postrelease supervision on the convictions of robbery in the first degree, sodomy in the first degree (two counts), and sexual abuse in the first degree (two counts), in addition to the determinate terms of imprisonment previously imposed by the same court (Eng, J.) on August 6, 2003.
Ordered that the resentence is affirmed.
Contrary to the defendant’s contention, his resentencing to a term which included the statutorily required periods of post-release supervision did not subject him to double jeopardy or violate his right to due process of law, since, at the time he was resentenced, he had not yet completed the sentence of imprisonment originally imposed upon him (see People v Lingle, 16 NY3d 621, 630 [2011]; People v Marhone, 107 AD3d 743 [2013]; People v Guillen, 85 AD3d 1201, 1202 [2011]).
The periods of postrelease supervision imposed at resentencing were not excessive (see People v Suitte, 90 AD2d 80 [1982]). Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.