Appeal by the defendant from a resentence of the County Court, Suffolk County (Cohen, J.), imposed October 18, 2011, upon his conviction of murder in the second degree, assault in the second degree, endangering the welfare of a child (two counts), and resisting arrest, upon a jury verdict, the resentence being a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on May 8, 2001.
Ordered that the resentence is affirmed.
Contrary to the defendant’s contention, at the resentencing proceeding to correct a Sparber error (see People v Sparber, 10 NY3d 457 [2008]), the resentencing court had no discretion to reimpose the originally imposed determinate term of imprisonment without any term of postrelease supervision. While imposition of postrelease supervision is normally mandatory (see Penal Law §§ 70.00 [6]; 70.45 [2]; People v Williams, 14 NY3d 198, 206 [2010], cert denied 562 US —, 131 S Ct 125 [2010]; People v Catu, 4 NY3d 242, 244 [2005]), it is not mandatory where the People consent, upon reimposition of a defendant’s sentence pursuant to Sparber, that there be no period of postrelease supervision (see Penal Law § 70.85). No such consent was given here. Furthermore, the defendant’s resentencing to a term which included the statutorily required period of postrelease supervision did not violate his right to due process of law (see People v Lingle, 16 NY3d 621, 630 [2011]). Dillon, J.P., Roman, Miller and Hinds-Radix, JJ., concur.