■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL WILLIAMS, Appellant. [969 NYS2d 918]—Appeal by the defendant from a resentence of the Supreme Court, Queens County (McGann, J.), imposed January 19, 2012, upon his conviction of assault in the first degree, criminal mischief in the fourth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, the resentence being a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on July 3, 2001.

Ordered that the resentence is affirmed.

Since the defendant had not yet completed his originally imposed sentence of imprisonment when he was resentenced, his resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process (*see People v Lingle*, 16 NY3d 621 [2011]; *People v Louis*, 90 AD3d 1075 [2011]; *People v Dawkins*, 87 AD3d 550 [2011]; *People v Myrick*, 84 AD3d 1272 [2011]).

The period of postrelease supervision imposed at resentencing was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Angiolillo, Austin and Miller, JJ., concur.