■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD HOWELL, Appellant. [974 NYS2d 806]—

Appeals by the defendant from (1) a resentence of the Supreme Court, Kings County (Brennan, J.), imposed December 16, 2011, upon his conviction of manslaughter in the first degree, after a nonjury trial, the resentence being a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on March 31, 2004, and (2) a resentence of the same court (Reichbach, J.), imposed May 22,

2012, upon, in effect, vacatur of the resentence imposed December 16, 2011, the resentence being a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on March 31, 2004.

Ordered that the appeal from the resentence imposed December 16, 2011, is dismissed as academic; and it is further,

Ordered that the resentence imposed May 22, 2012, is affirmed.

Contrary to the defendant's contentions, his resentencing to a term that included the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law, since, at the time he was resentenced, he had not yet completed the sentence of imprisonment originally imposed upon him (*see People v Brinson*, 21 NY3d 490, 492-495 [2013]; *People v Lingle*, 16 NY3d 621, 630 [2011]; *People v Gauze*, 108 AD3d 778 [2013]; *People v Rogers*, 108 AD3d 683 [2013]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.