■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES J. BALDWIN, Appellant. [984 NYS2d 879]—Appeals by the defendant from two judgments of the County Court, Putnam County (Reitz, J.), both rendered September 27, 2011, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree under indictment No. 26/08 and perjury in the first degree under indictment No. 19/10, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the judgments are affirmed.

We are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel for the defendant is, therefore, granted (*see Anders v California*, 386 US 738 [1967]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Rivera, J.P., Dickerson, Chambers, Hinds-Radix and Maltese, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMELL S. CARAWAY, Appellant. [984 NYS2d 878]—Appeal by the defendant from a resentence of the Supreme Court, Kings County (DiMango, J.), imposed March 19, 2012, upon his conviction of robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, the resentence being periods of postrelease supervision in addition to the determinate terms of imprisonment previously imposed by the same court on June 21, 2001.

Ordered that the resentence is affirmed.

Since the defendant was still serving his original sentence when he was resentenced, the resentence to a term including the statutorily required periods of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621, 630-633 [2011]; *People v Thompson*, 92 AD3d 812 [2012]; *People v Harris*, 86 AD3d 543, 543-544 [2011]). Balkin, J.P., Roman, Sgroi and Miller, JJ., concur.