■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY A. LATIMER, Appellant. [991 NYS2d 897]—

Appeal by the defendant from a resentence of the County Court, Dutchess County (Forman, J.), imposed March 15, 2012, upon his conviction of robbery in the first degree (two counts), upon his plea of guilty, the resentence being the determinate terms of imprisonment previously imposed on August 1, 2002.

Ordered that the resentence is affirmed.

The defendant was resentenced to the determinate terms of imprisonment that had originally been imposed upon his conviction of two counts of robbery in the first degree. Penal Law § 70.85 provides, in relevant part, that, under the circumstances presented here, "the court may, notwithstanding any other provision of law but only on consent of the district attorney, reimpose the originally imposed determinate sentence of imprison-

ment without any term of post-release supervision, which then shall be deemed a lawful sentence." The defendant's contention that Penal Law § 70.85 is unconstitutional because it deprives him of his right to vacate his plea of guilty is without merit (*see People v Pignataro*, 22 NY3d 381 [2013]).

While the defendant asks this Court to modify his sentence in the interest of justice so that it runs concurrently with other sentences imposed on him, this Court lacks the authority to do so on this appeal (*cf. People v Lingle*, 16 NY3d 621 [2011]; *People v Cooke*, 94 AD3d 1138 [2012]; *People v Singh*, 93 AD3d 867, 868 [2012]; *People v Hoffman*, 84 AD3d 978 [2011]).

The defendant's contention that he was deprived of the effective assistance of counsel at the plea proceeding is not reviewable by this Court because his appeal is only from the resentence (*see* CPL 450.30 [3]; *People v Ferrufino*, 33 AD3d 623 [2006]). Furthermore, to the extent that the defendant claims that he was deprived of the effective assistance of appellate counsel, this claim cannot be addressed on this appeal, as the proper procedure for addressing such a claim is an application for a writ of error coram nobis (*see People v Velez*, 286 AD2d 406 [2001]). Skelos, J.P., Hall, Duffy and Barros, JJ., concur.