■ In the Matter of JOHN SANTIAGO, Appellant, v GEORGE B. ALEXANDER, as Chair of the Division of Parole, Respondent. [916 NYS2d 529]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 1, 2010 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 2000, petitioner was released to parole supervision while serving a prison term of 8 to 24 years pursuant to a 1992 conviction. In March 2007, while still on parole, petitioner pleaded guilty to attempted criminal possession of a forged instrument in the second degree. He was sentenced as a second felony offender to a prison term of 1½ to 3 years, to run consecutively to the undischarged term of his prior sentence. Thereafter, in anticipation of his January 2008 parole eligibility date, petitioner appeared before the Board of Parole. His request for parole release was denied, with the direction that he be held for 24 months prior to his next Board appearance. Petitioner pursued an administrative appeal and, not receiving a response thereto, commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition* and this appeal ensued.

We are unpersuaded by petitioner's contention that, absent any further parole revocation procedures with regard to his parole violation, it was improper to continue his incarceration past the expiration of his March 2007 sentence. Upon petitioner's conviction of the new felony while on parole, his parole release was properly revoked by operation of law without a hearing (*see People ex rel. Harris v Sullivan*, 74 NY2d 305, 308 [1989]; *Matter of Meade v Boucaud*, 67 AD3d 1263, 1264 [2009]; *People ex rel. Melendez v Bennett*, 291 AD2d 590, 591 [2002], *lv denied* 98 NY2d 602 [2002]). Furthermore, pursuant to the provisions of Penal Law § 70.30 (1) (b), the minimum and maximum sentences of the two indeterminate consecutive sentences are, "with certain limitations not relevant here, . . . added to form aggregate minimum and aggregate maximum wholes" (*People v Buss*, 11 NY3d 553, 557 [2008]). Therefore, petitioner's eligibility for parole release and appearance before the Board are "governed by the legal requirements of said new indeterminate . . . sentence" (Executive Law § 259-i [3] [d] [iii]). Inasmuch as petitioner's sentence was properly aggregated using this method, there was no error in continuing petitioner's incarceration past the expiration of his 2007 sentence and imposing a 24-month hold on his next appearance before the Board.

---

* Petitioner has subsequently appeared before the Board and again was denied parole release. Nevertheless, Supreme Court determined, and we agree, that the issues presented by this proceeding fall within the exception to the mootness doctrine.

We have reviewed petitioner's remaining contentions, including his equal protection argument with respect to Executive Law § 259-i, and find them to be without merit.

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. ▇