█ In the Matter of JOSE ROSARIO, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [923 NYS2d 367]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Sackett, J.), entered August 30, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, compel respondent Division of Parole to nullify a parole warrant lodged against him.

In 1989, petitioner was convicted of criminal possession of a controlled substance in the second degree and sentenced to a prison term of five years to life. Petitioner was thereafter released to parole in May 1994. In August 1996, petitioner was arrested in New York for various drug crimes. Thereafter, petitioner absconded and was declared delinquent as of November 25, 1997, and a parole violation warrant was issued in January 1998.

In November 1999, petitioner was arrested in Connecticut and thereafter convicted of two crimes, resulting in prison sentences of nine years and 5 to 18 years to be served concurrently. When respondent Division of Parole became aware of petitioner's Connecticut incarceration, it lodged a detainer with that state pursuant to Executive Law § 259-i (3) (a) (iii) based upon petitioner's parole violation. Then, in December 2000, having been convicted of criminal possession of a controlled substance in the second degree resulting from his 1996 arrest, petitioner was briefly returned to Supreme Court, Bronx County, where he was sentenced to a prison term of six years to life.

In October 2006, an employee of the Division erroneously informed Connecticut authorities that petitioner had been discharged from his New York sentence. Respondent Noel Penalver then sent a corrective communication to Connecticut authorities, purporting to inform them that the detainer was still in effect, but setting forth inaccurate information as to the specifics of the warrant. Finally, in July 2010, the Department of Correctional Services sent an accurate detainer warrant to Connecticut officials with respect to petitioner's December 2000 prison sentence. Thereafter, petitioner commenced this CPLR

article 78 proceeding in the nature of mandamus, seeking to nullify the 1998 parole warrant lodged against him and to rescind the detainer lodged with Connecticut based upon that warrant.* Supreme Court dismissed the petition and petitioner now appeals.

We affirm. Initially we note that petitioner's challenge to the detainer lodged with Connecticut based upon his 1998 parole violation warrant has been effectively rendered academic by the subsequent July 2010 detainer, which will require petitioner's return to New York at the conclusion of his Connecticut sentence. Furthermore, petitioner's challenge to the January 1998 warrant itself and the mistaken communications regarding it are unavailing. His contention that he was entitled to a parole revocation hearing is without merit because his parole was revoked by operation of law upon his conviction of criminal possession of a controlled substance in the second degree (*see* Executive Law § 259-i [3] [d] [iii]; *Matter of Santiago v Alexander*, 80 AD3d 1105, 1106 [2011]; *Matter of Meade v Boucaud*, 67 AD3d 1263, 1264 [2009]). Petitioner also asserts that the uninterrupted period of parole he served between May 1994 and November 1997 terminated his 1989 sentence pursuant to Executive Law § 259-j (3-a). That statute, however, does not provide retroactive relief where parole has been revoked prior to the enactment of the statute (*see People ex rel. Murphy v Ewald*, 77 AD3d 778, 778-779 [2010], *lv denied* 16 NY3d 701 [2011]; *Matter of Ciccarelli v New York State Div. of Parole*, 35 AD3d 1107, 1107-1108 [2006], *lv denied* 8 NY3d 806 [2007]).

We have examined petitioner's remaining claims and find them to be unavailing.

Spain, Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* In an order entered June 16, 2010, Supreme Court dismissed the petition against the Division for petitioner's failure to obtain jurisdiction based upon improper service.