THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BRINSON, Appellant. [933 NYS2d 728]—

The defendant was convicted of robbery in the second degree, robbery in the third degree, and grand larceny in the fourth degree. The sentencing court imposed a determinate term of imprisonment of 10 years on the second-degree robbery conviction, but did not pronounce a period of postrelease supervision (hereinafter PRS). The court also imposed indeterminate terms of imprisonment of 3 to 6 years on the third-degree robbery count, and 2 to 4 years on the larceny conviction, to run concurrently to each other but consecutively with the 10-year term. After the defendant had been incarcerated for more than 10 years, he was resentenced on his conviction of robbery in the second degree, to add a period of PRS. The defendant appeals from the resentence, asserting that, because he had been incarcerated for more than 10 years, he had completed his 10-year determinate sentence at the time of the resentencing and, thus, the resentence violated the prohibition against double jeopardy and his due process rights.

The Court of Appeals has held that "an expectation of finality arises for purposes of double jeopardy when a defendant completes the lawful portion of an illegal sentence and exhausts any appeal taken" (*People v Lingle*, 16 NY3d 621, 630 [2011]; *see People v Williams*, 14 NY3d 198, 217 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]; *see also People v Dawkins*, 87 AD3d

550 [2011]; *People v Harris*, 86 AD3d 543, 544 [2011], *lv denied* 17 NY3d 859 [2011]). Further, resentencing to add a period of PRS prior to completion of a sentence does not violate due process (*see People v Lingle*, 16 NY3d at 632-633; *People v Dawkins*, 87 AD3d at 550; *People v Harris*, 86 AD3d at 544). Here, the question is whether the defendant was still subject to his determinate sentence at the time he was resentenced. We conclude that he was, and, therefore, affirm the resentence.

Penal Law § 70.30 provides a method for calculating an inmate's sentence when he or she is serving more than one determinate or indeterminate sentence. As relevant here, pursuant to that statute, the minimum terms of the indeterminate sentences and the term of the determinate sentence are added together to arrive at an aggregate maximum term of imprisonment (*see* Penal Law § 70.30 [1] [d]). The Court of Appeals, in a decision made in the context of the Sex Offender Registration Act (hereinafter SORA), reasoned that "[a]lthough the primary function of [Penal Law § 70.30 was] to allow for the ready calculation of parole eligibility, . . . it [was] reasonable to apply section 70.30 to the question of whether a prisoner who has been given multiple sentences is subject to all his [or her] sentences for the duration of his [or her] term of imprisonment" (*People v Buss*, 11 NY3d 553, 557 [2008]). The Court concluded that "[u]nderlying Penal Law § 70.30 is the proposition that concurrent sentences and consecutive sentences yield single sentences, either by merger [in the case of concurrent sentences] or by addition [in the case of consecutive sentences]" (*id.* at 557). The Court went on to hold that "for SORA purposes a prisoner serving multiple sentences is subject to all the sentences, whether concurrent or consecutive, that make up the merged or aggregate sentence he [or she] is serving" (*id.* at 557-558).

The same reasoning should be applied in the context of the addition of a period of PRS to a defendant's sentence. The Court of Appeals has observed that, "[s]ince criminal defendants are charged with knowledge of the relevant laws that apply to them, they are presumed to be aware that a determinate prison sentence without a term of PRS is illegal and, thus, may be corrected by the sentencing court at some point in the future" (*People v Williams*, 14 NY3d at 217 [citation omitted]; *see People v Lingle*, 16 NY3d at 630). The defendant here is further charged with knowledge that, by statute (*see* Penal Law § 70.30), the New York State Department of Corrections and Community Supervision aggregates his sentences into a single sentence. The defendant, therefore, has no reason to expect that discrete

prison sentences nonetheless survive such that, as he serves the aggregated sentence, he is sequentially completing his punishment for each particular conviction. Thus, the defendant, who was still serving what the statute regards as a single, combined sentence at the time of the resentencing, did not have an expectation of finality in the portion of the sentence attributable to his conviction of robbery in the second degree.

Further, requiring the defendant to serve a part of his sentence, i.e., PRS, of which he was always cognizant, would not result in any significant prejudice and would not shock the conscience. The defendant was still serving a sentence which Penal Law § 70.30 treats as a single sentence, and the defendant was aware that the determinate sentence which was combined with the indeterminate sentences to form the single sentence, was illegal. Thus, the resentence did not violate the defendant's due process rights.

Accordingly, the Supreme Court properly resentenced the defendant to add a period of PRS to the determinate prison term imposed upon his conviction of robbery in the second degree. Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur.