■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MILLS, Appellant. [934 NYS2d 862]—

Inasmuch as the defendant had not yet completed serving his originally imposed sentences of imprisonment when he was resentenced, his resentencing to a term including the statutorily required periods of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621, 630-632 [2011]; *People v Algarin*, 89 AD3d 859 [2011]).

The defendant's remaining contention is without merit. Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOYETTE NEDD, Appellant. [934 NYS2d 848]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find the evidence was legally sufficient to establish the defendant's guilt of attempted murder in the second degree beyond a reasonable doubt (*see* Penal Law § 15.05 [1]; §§ 110.00, 125.25; *People v Mei Ying Wang*, 33 AD3d 820, 821 [2006]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to attempted murder in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.