■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL WILSON, Appellant. [937 NYS2d 859]—

The resentencing proceeding imposing a term of postrelease supervision for defendant's gang assault conviction was not barred by double jeopardy or due process considerations. On October 4, 2002, defendant was convicted of gang assault in the second degree and criminal possession of a controlled substance in the second and third degrees. At the time of the resentencing in 2010, defendant had been incarcerated for more than the eight-year period of his determinate sentence for gang assault, but was still in custody because of his concurrent life sentence for second-degree drug possession.

Defendant contends that he acquired a legitimate expectation of finality in his sentence by completing the determinate portion of the sentence. A defendant has no legitimate expectation of finality in an illegal sentence while it is being served; that expectation arises once the defendant has completed the sentence and been released (*People v Lingle*, 16 NY3d 621, 630-631 [2011]). In this case, although defendant had served longer than eight years at the time resentencing proceedings were commenced, he had neither completed his sentence, as calculated under Penal Law § 70.30 (1) (a), nor been released. Under that statute, the maximum terms of the determinate sentence and the indeterminate sentence merge, and are satisfied by discharge of the term that has the longest unexpired time to run

(*see People v Buss*, 11 NY3d 553, 557-558 [2008]; *People v Ramirez*, 89 NY2d 444, 450 [1996]). Accordingly, the resentencing was lawful in all respects because defendant is still serving the single merged sentence (*see People v Brinson*, 90 AD3d 670 [2011]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ.