THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS BAILEY, Appellant. [938 NYS2d 808]

Contrary to the defendant's contention, his resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process, since he had not yet completed his originally imposed sentence of imprisonment at the time he was resentenced (*see People v Lingle,* 16 NY3d 621, 630-632 [2011]; *People v Mills,* 90 AD3d 1076 [2011]; *People v Louis,* 90 AD3d 1075 [2011]; *People v Algarin,* 89 AD3d 859 [2011]; *People v Harris,* 86 AD3d 543, 543-544 [2011]).

On an appeal from a resentence to correct a *Sparber* error (*see People v Sparber,* 10 NY3d 457 [2008]), this Court lacks the authority to reconsider the incarceratory component of the defendant's sentence (*see People v Lingle,* 16 NY3d at 635; *People v Edwards,* 89 AD3d 1034 [2011]). Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BLANKYMSEE, Appellant. [938 NYS2d 816]

Contrary to the defendant's contention, his resentencing to a term which included the statutorily-required periods of postrelease supervision did not subject him to double jeopardy or violate his right to due process, since he had not yet completed serving his originally imposed sentence of imprisonment at the time he was resentenced (*see People v Lingle,* 16 NY3d 621, 630, 632 [2011]; *People v Louis,* 90 AD3d 1075 [2011]; *People v Brinson,* 90 AD3d 670 [2011]; *People v Dawkins,* 87 AD3d 550 [2011]; *People v Harris,* 86 AD3d 543, 543-544 [2011]). At the time of the resentencing, the defendant was still serving a "single, combined sentence" (*People v Brinson,* 90 AD3d at 672). Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.