■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER R. NELSON, Appellant. [939 NYS2d 709]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered July 16, 2010, convicting him of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was deprived of a fair trial by the conduct of the prosecutor in making prejudicial comments and inflaming the emotions of the jury during summation.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Angiolillo, Leventhal and Cohen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRIE D. PEMBERTON, Appellant. [938 NYS2d 922]—Appeal by the defendant from a resentence of the Supreme Court, Kings County (Tomei, J.), imposed March 21, 2011, which, upon his conviction of sodomy in the first degree, imposed a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on August 21, 2001.

Ordered that the resentence is affirmed.

Inasmuch as the defendant had not yet completed serving his originally imposed sentence of imprisonment when he was resentenced, his resentencing to a term including the statutorily required period of postrelease supervision did not violate the double jeopardy and due process clauses of the United States Constitution (*see People v Lingle*, 16 NY3d 621, 630-632 [2011]; *People v Ralph*, 91 AD3d 796 [2012]; *People v Algarin*, 89 AD3d 859 [2011]).

The defendant's remaining contentions are without merit. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.