■ In the Matter of Lichtenstein Loan Guaranty Litigation. Bank of America, N.A., et al., Respondents, v Lightstone Holdings, LLC, et al., Appellants. Line Trust Corporation Ltd. et al., Respondents, v David Lichtenstein et al., Appellants, et al., Defendants. [946 NYS2d 863]—Appeals having been taken to this Court by the above-named appellants from an amended order and judgment (one paper) of the Supreme Court, New York County (Melvin L. Schweitzer, J.), entered October 27, 2011, and from orders, same court and Justice, entered on or about September 29, 2011 and September 30, 2011, and said appeals having been argued by counsel for the respective parties; and due deliberation having been had thereon, and upon the stipulation of the parties hereto dated May 25, 2012 and June 7, 2012, it is unanimously ordered that said appeals be and the same are hereby withdrawn in accordance with the terms of the aforesaid stipulation. Concur—Saxe, J.P., Friedman, Renwick, DeGrasse and Richter, JJ.

■ The People of the State of New York, Respondent, v Timothy Swinton, Appellant. [946 NYS2d 863]—Judgment of resentence, Supreme Court, New York County (Richard D. Carruthers, J.), rendered March 27, 2009, resentencing defendant to concurrent terms of nine years, to be followed by five years' postrelease supervision, unanimously affirmed. Appeal from order, same court and Justice, entered on or about April 21, 2010, which denied defendant's CPL 440.20 motion to set aside the resentence, unanimously dismissed as academic.

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*see People v Lingle*, 16 NY3d 621 [2011]). Defendant was resentenced prior to the maximum expiration date of his single aggregated sentence (*see People v Wilson*, 92 AD3d 512 [2012]).

We perceive no basis for reducing the term of postrelease supervision. Concur—Saxe, J.P., Friedman, Renwick, DeGrasse and Richter, JJ.