On December 21, 1999, the defendant was convicted in the County Court, Westchester County, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree. The sentencing court imposed a determinate term of imprisonment of 10 years on the conviction of criminal *835 possession of a weapon in the second degree, but did not pronounce a period of postrelease supervision (see Correction Law § 601-d). The court also imposed an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, to run concurrently with the 10-year term. On August 4, 2011, after the defendant had been incarcerated for more than 10 years, he was resentenced on his conviction of criminal possession of a weapon in the second degree to add a period of postrelease supervision (see Penal Law § 70.45). On appeal, the defendant asserts that, because he had been incarcerated for more than 10 years, he had completed his 10-year determinate sentence at the time of the resentencing and, thus, the resentence violated the prohibitions against double jeopardy and cruel and unusual punishment.
The defendant’s contention that the resentence violated the prohibition against double jeopardy is without merit. “Since criminal defendants are charged with knowledge of the relevant laws that apply to them, they are presumed to be aware that a determinate prison sentence without a term of [postrelease supervision] is illegal and, thus, may be corrected by the sentencing court at some point in the future” (People v Williams, 14 NY3d 198, 217 [2010] [citation omitted], cert denied 562 US —, 131 S Ct 125 [2010]; see People v Lingle, 16 NY3d 621, 630 [2011]). Moreover, a defendant is charged with knowledge that, by statute (see Penal Law § 70.30 [1]), the New York State Department of Corrections and Community Supervision aggregates his or her sentences into a single sentence (see People v Brinson, 90 AD3d 670, 671-672 [2011], lv granted 18 NY3d 992 [2012]; see also People v Buss, 11 NY3d 553, 557 [2008]). As a result, a defendant “has no reason to expect that discrete prison sentences nonetheless survive such that, as he [or she] serves the aggregated sentence, he [or she] is sequentially completing his [or her] punishment for each particular conviction” (People v Brinson, 90 AD3d at 671-672). Consequently, since the defendant was still serving a single, combined sentence pursuant to Penal Law § 70.30 at the time of the resentencing, he did not have an expectation of finality in the portion of the sentence attributable to his conviction of criminal possession of a weapon in the second degree (see People v Brinson, 90 AD3d at 671-672; see also People v Wilson, 92 AD3d 512 [2012], lv denied 18 NY3d 999 [2012]).
The defendant further contends that Correction Law § 601-d, as applied to him, violates his State and Federal constitutional rights not to be subjected to cruel and unusual punishment (see US Const 8th Amend; NY Const, art I, § 5), because he was *836 resentenced after he had already served the full term of his determinate sentence. For the reasons stated above, this contention is without merit. Skelos, J.E, Leventhal, Belen and Roman, JJ., concur.