THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER C. McDANIEL, Also Known as COREY McDANIEL, Appellant. [952 NYS2d 246]—

The defendant's contention that the County Court was without authority to resentence him after the expiration of the time limits set forth in Correction Law § 601-d (4) (c) and (d) is without merit (*see People v Velez*, 19 NY3d 642 [2012]). More-

over, contrary to the defendant's contention, his resentence after the expiration of the time limits set forth in Correction Law § 601-d (4) (c) and (d) did not subject him to double jeopardy or violate his right to due process. The defendant is presumed to be aware of the relevant law and to know that a determinate prison sentence without a term of postrelease supervision is illegal and, thus, may be corrected by the sentencing court at some point in the future (*see People v Williams*, 14 NY3d 198, 217 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]; *People v Almestica*, 97 AD3d 834, 835 [2012]). Nothing in Correction Law § 601-d expressly deprives the court of its inherent authority to correct an error in sentencing (*see People v Velez*, 19 NY3d at 645-646), and this interpretation of the law existed prior to the imposition of the defendant's resentence herein (*see People v Thomas*, 68 AD3d 514, 515 [2009]). Accordingly, the defendant's contention that his constitutional rights were violated is without merit. Angiolillo, J.P., Dickerson, Belen and Miller, JJ., concur.