■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMEEN SMITH, Appellant. [955 NYS2d 373]—

On April 14, 2000, after being convicted of robbery in the second degree (two counts), grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, the defendant was sentenced to determinate terms of imprisonment of 11 years for each conviction of robbery in the second degree, two years for the conviction of grand larceny in the fourth degree, and one year for the conviction of criminal possession of stolen property in the fifth degree, all to run concurrently with each other. On May 23, 2000, the sentence imposed on the conviction of grand larceny in the fourth degree was amended, nunc pro tunc, to a concurrent, indeterminate term of imprisonment of 2 to 4 years. The sentencing court did not pronounce any period of postrelease supervision (hereinafter PRS). While incarcerated, the defendant was convicted of promoting prison contraband in the first degree, and in 2005 was sentenced to an indeterminate term of imprisonment of 2 to 4 years, to run consecutively to the sentence imposed in 2000. Subsequently, the defendant was again convicted of promoting prison contraband in the first degree, and in 2010 was sentenced to an indeterminate term of imprisonment of 1½ to 3 years, to run consecutively to his other sentences.

After the defendant had been incarcerated for more than 11 years, he was resentenced on his convictions of robbery in the second degree to add a period of PRS. The defendant appeals from the resentence, arguing that, because he had been incarcerated for more than 11 years, he had completed his 11-year determinate sentence at the time of resentencing and, thus, the resentence violated the prohibition against double jeopardy and his due process rights.

Contrary to the defendant's contention, the resentence did not violate the prohibition against double jeopardy. In *People v Williams* (14 NY3d 198, 217 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]), the Court of Appeals held that, "after release from prison, a legitimate expectation in the finality of a sentence arises and the Double Jeopardy Clause prevents reformation to attach a PRS component to the original completed sentence."

"Since criminal defendants are charged with knowledge of the relevant laws that apply to them, they are presumed to be aware that a determinate prison sentence without a term of PRS is illegal and, thus, may be corrected by the sentencing court at some point in the future" (*id.* at 217 [citation omitted]; *see People v Lingle*, 16 NY3d 621, 630 [2011]). Furthermore, the defendant here is charged with knowledge that, by virtue of Penal Law § 70.30 (1), the New York State Department of Corrections and Community Supervision aggregates his sentences into a single sentence (*see People v Almestica*, 97 AD3d 834 [2012]; *People v Brinson*, 90 AD3d 670, 671-672 [2011], *lv granted* 18 NY3d 992 [2012]).

Specifically, pursuant to Penal Law § 70.30 (1) (d), the defendant's 11-year determinate sentence was combined with his subsequently imposed consecutive indeterminate sentences, to form a single sentence (*see* Penal Law § 70.30 [1] [d]; *People v Buss*, 11 NY3d 553, 557 [2008]; *People v Dervon*, 29 Misc 3d 1221[A], 2012 NY Slip Op 51940[U] [2010]). Since the defendant was still serving this single, combined sentence at the time of the resentencing, and had not yet been released from prison, he did not have a legitimate expectation of finality in the portion of his sentence attributable to his convictions of robbery in the second degree (*see People v Almestica*, 97 AD3d 834 [2012]; *People v Wilson*, 92 AD3d 512 [2012], *lv denied* 18 NY3d 999 [2012]; *People v Brinson*, 90 AD3d 670, 671-672 [2011]).

Furthermore, the resentencing to a term which included the statutorily required period of PRS did not violate the defendant's due process rights, as such resentencing does not shock the conscience (*see People v Lingle*, 16 NY3d at 632-633; *People v Brinson*, 90 AD3d at 672). Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.