# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1284**
**KA 11-01292**
PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL R. JACOBS, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a resentence of the Ontario County Court (William F. Kocher, J.), rendered June 1, 2011. Defendant was resentenced upon his conviction of assault in the first degree and assault in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: In 2001 defendant was convicted following a jury trial of assault in the first degree (Penal Law § 120.10 [3]), assault in the second degree (§ 120.05 [1]) and various misdemeanors. With respect to the two assault counts, defendant was sentenced to concurrent determinate terms of incarceration of 25 years and 5 years, respectively. In 2002 the judgment of conviction was affirmed (*People v Jacobs*, 298 AD2d 954, *lv denied* 99 NY2d 559). In 2011 County Court resentenced defendant on the assault counts by imposing periods of postrelease supervision (PRS) in addition to the determinate terms of incarceration originally imposed. Defendant now appeals from the resentence only with respect to the count of assault in the second degree. He contends that, because he was resentenced more than five years after the original sentence was imposed, he had a legitimate expectation of finality in the sentence that was imposed on his conviction of that count and, therefore, under the authority of *People v Williams* (14 NY3d 198, *cert denied* ___ US ___, 131 S Ct 125), he could not be resentenced to a period of PRS on that count. We reject defendant's contention.

Defendant is correct that, when he was resentenced in 2011, he had been incarcerated for more than the five-year period of his determinate sentence for assault in the second degree. He was still in custody, however, as a result of the 25-year sentence for assault in the first degree. "[A]lthough defendant had served longer than [five] years at the time resentencing proceedings were commenced, he

had neither completed his sentence, as calculated under Penal Law § 70.30 (1) (a), nor been released.  Under that statute, the maximum terms of the determinate sentence[s] . . . merge, and are satisfied by discharge of the term that has the longest unexpired time to run . . . Accordingly, the resentencing was lawful in all respects because defendant is still serving the single merged sentence" (*People v Wilson*, 92 AD3d 512, 512-513, *lv denied* 18 NY3d 999; *see People v Almestica*, 97 AD3d 834, 835; *People v Brinson*, 90 AD3d 670, 671-672, *lv granted* 18 NY3d 992; *People v Scott*, 81 AD3d 988, 988, *lv denied* 16 NY3d 863; *People v Johnson*, 79 AD3d 1072, 1072-1073, *lv denied* 16 NY3d 832; *see generally People v Buss*, 11 NY3d 553, 557).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court