[995 NE2d 144, 972 NYS2d 182]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BRINSON, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BLANKYMSEE, Appellant.

Argued May 30, 2013; decided June 26, 2013

## POINTS OF COUNSEL

*Lynn W.L. Fahey, Appellate Advocates*, New York City (*Paul Skip Laisure* of counsel), for appellant in the first above-entitled action. Adding a five-year term of postrelease supervision to Christopher Brinson's determinate sentence after he had finished serving that sentence and was incarcerated only on consecutive indeterminate sentences violated double jeopardy. (*United States v DiFrancesco*, 449 US 117; *People v Lingle*, 16 NY3d 621; *People v Williams*, 14 NY3d 198; *United States v Silvers*, 90 F3d 95; *People v Sparber*, 10 NY3d 457; *People v Ramirez*, 89 NY2d 444; *Earley v Murray*, 451 F3d 71; *People v Buss*, 11 NY3d 553; *Matter of State of New York v Rashid*, 16 NY3d 1; *People v Mills*, 11 NY3d 527.)

*Lynn W.L. Fahey, Appellate Advocates*, New York City (*Paul Skip Laisure* of counsel), for appellant in the second above-entitled action. Adding a five-year term of postrelease supervision

to Lawrence Blankymsee's two determinate sentences after he had finished serving those sentences and was incarcerated only on concurrent indeterminate sentences violated double jeopardy. (*United States v DiFrancesco*, 449 US 117; *People v Lingle*, 16 NY3d 621; *People v Williams*, 14 NY3d 198; *United States v Silvers*, 90 F3d 95; *People v Ramirez*, 89 NY2d 444; *People v Sparber*, 10 NY3d 457; *Earley v Murray*, 451 F3d 71; *People v Buss*, 11 NY3d 553; *Matter of State of New York v Rashid*, 16 NY3d 1; *People v Mills*, 11 NY3d 527.)

*Richard A. Brown, District Attorney*, Kew Gardens (*Anastasia Spanakos* and *John M. Castellano* of counsel), for respondent in the first and second above-entitled actions. Defendants' resentencings did not violate double jeopardy because they had not completed their original sentences, and, under this Court's precedent, they had no legitimate expectation of finality in those illegal sentences. (*People v Lingle*, 16 NY3d 621; *People v Williams*, 14 NY3d 198; *People v Buss*, 11 NY3d 553; *People v Sparber*, 10 NY3d 457; *People v Velez*, 19 NY3d 642; *Morrissey v Brewer*, 408 US 471; *Gonzalez-Fuentes v Molina*, 607 F3d 864; *People v Gammon*, 19 NY3d 893; *United States v Pettus*, 303 F3d 480; *Missouri v Hunter*, 459 US 359.)

### OPINION OF THE COURT

RIVERA, J.

In these unrelated cases, each defendant claims that the imposition of mandatory postrelease supervision (PRS) to his determinate sentence at resentencing violates the Fifth Amendment Double Jeopardy Clause of the federal constitution. Defendants claim that they have completed their determinate sentences, therefore imposition of PRS violates the prohibition against multiple punishments. We conclude that the respective resentences do not constitute violations of the Double Jeopardy Clause because defendants do not have a legitimate expectation of finality until they have completed their aggregated sentences under Penal Law § 70.30.

In both these cases, defendants were resentenced because the sentencing court failed to impose PRS as part of the original sentence (*see People v Sparber*, 10 NY3d 457, 469-470 [2008] [holding that a judge must pronounce a defendant's PRS sentence in open court and that a court's failure to impose PRS as part of the original sentence requires resentencing of the defendant to correct the error]). Defendant Christopher Brinson

was arrested on December 8, 1998,[1] and sentenced on July 14, 2000 to a determinate term of 10 years' imprisonment for robbery in the second degree (Penal Law § 160.10 [1]), an indeterminate term of 3 to 6 years' imprisonment for robbery in the third degree (Penal Law § 160.05), and an indeterminate term of 2 to 4 years' imprisonment for grand larceny in the fourth degree (Penal Law § 155.30 [5]). The court ordered the indeterminate counts to run concurrent with each other but consecutive to the determinate count. On April 28, 2010, approximately 11 years and four months after his incarceration following his arrest, Supreme Court resentenced defendant, imposing upon him five years' PRS nunc pro tunc on the determinate count.

Defendant Lawrence Blankymsee was sentenced, on May 20, 2004, as a second felony offender, to seven concurrent prison terms consisting of determinate sentences of five years on two loaded firearm possession counts (Penal Law § 265.02 [4]), indeterminate sentences of 3 to 6 years on other weapons possession counts (Penal Law § 265.02 [1]), indeterminate sentences of 8 to 16 years on two felony controlled substance possession counts (Penal Law § 220.16 [12]), and a definite sentence of one year on a misdemeanor drug possession count (Penal Law § 220.03). Six years and five months later, on October 20, 2010, Supreme Court resentenced defendant and imposed five years' PRS on the two counts of criminal possession in the third degree involving the unlawful possession of loaded firearms, for which he had received determinate sentences.

The Appellate Division unanimously affirmed the resentences in separate appeals, concluding that defendants did not have a legitimate expectation of finality in their respective determinate sentences because they had not completed their properly aggregated sentences prior to resentencing (*People v Brinson*, 90 AD3d 670 [2d Dept 2011]; *People v Blankymsee*, 92 AD3d 890 [2d Dept 2012]).[2] A Judge of this Court granted leave to appeal in both cases.

---

**1.** The briefs on appeal appear to erroneously state that defendant was arrested in December 1999. The record indicates that the indictment was filed in January 1999 and the presentence investigation report states that the arrest occurred on the above-mentioned date.

**2.** The Appellate Division also concluded that resentencing did not violate defendants' rights to due process (92 AD3d at 890; 90 AD3d at 672). On appeal, defendants' arguments concern the Double Jeopardy Clause, but even construing defendants' appeals to include separate due process arguments, we find them to be without merit.

The Fifth Amendment's Double Jeopardy Clause prohibits multiple punishments for the same crime (*see United States v DiFrancesco*, 449 US 117, 129 [1980]; *People v Biggs*, 1 NY3d 225, 228-229 [2003]). This prohibition "prevents a sentence from being increased once the defendant has a legitimate expectation in the finality of the sentence" (*People v Williams*, 14 NY3d 198, 215 [2010], citing *DiFrancesco*, 449 US at 135-136). However, "defendants are 'presumed to be aware that a determinate prison sentence without a term of PRS is illegal' " (*People v Lingle*, 16 NY3d 621, 630 [2011], quoting *Williams*, 14 NY3d at 217), and courts have an inherent authority to correct illegal sentences (*see e.g. People v Richardson*, 100 NY2d 847, 852-853 [2003]).

We have held that the opportunity to correct such illegality is not without end. As we stated in *Williams*, "there must be a temporal limitation on a court's ability to resentence a defendant since criminal courts do not have perpetual jurisdiction over all persons who were once sentenced for criminal acts" (*Williams*, 14 NY3d at 217 [citation omitted]). The temporal limitation demarcation occurs once the sentence is served and the appeal is completed, or the time for such appeal has expired. In *Lingle*, we stated that the defendant's "expectation of finality arises for purposes of double jeopardy when a defendant *completes* the lawful portion of an illegal sentence and exhausts any appeal taken" (*Lingle*, 16 NY3d at 630, citing *Williams*, 14 NY3d at 217). In that case, we rejected defendants' argument that the completion of less than the entire "originally-imposed sentence" could be the basis for a legitimate expectation of finality (*Lingle*, 16 NY3d at 631).

We thus consider the issues raised in the appeals currently before us with the understanding that we must presume defendants knew that their determinate sentences were illegal, and that they knew they were subject to resentencing until such time as they completed their respective sentences. We must also presume defendants understood that their multiple sentences were subject to aggregation and/or merger under Penal Law § 70.30, and our prior case law interpreting this provision (*see Lingle*, 16 NY3d at 633 ["defendants are charged with knowledge of the law"]).

The central dispute in these cases is whether the defendants have a legitimate expectation of finality in the determinate sentences which are subject to PRS, given the fact that, at the time of resentencing, they had not completed, and remained incarcerated pursuant to, an aggregate sentence which reflected the

time imposed for all of the convictions. Defendants state that they have an expectation of finality because at the time of resentencing they had already completed the determinate sentences for the counts subject to PRS. They contend that their multiple sentences must be measured as discrete and insular for purposes of the Double Jeopardy Clause.

The People argue that because the defendants were incarcerated and serving aggregate sentences calculated in accordance with Penal Law § 70.30 at the time of resentencing, they did not have a legitimate expectation in the finality of their sentences. The People further argue that the defendants' multiple sentences were properly aggregated under Penal Law § 70.30, and thus are not measured as discrete sequential terms of imprisonment, but rather constitute one punishment of incarceration, with a release date calculated in accordance with section 70.30.

As relevant to these appeals, Penal Law § 70.30 establishes the methodology for calculating a defendant's multiple terms of imprisonment, including determinate and indeterminate terms. Section 70.30 allows a court to merge concurrent sentences and add consecutive sentences (see Penal Law § 70.30 [1]; see also William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, 2011 Electronic Update, Penal Law § 70.30). In defendant Brinson's case, his indeterminate sentences were merged with one another and added to the determinate sentence to produce an aggregate maximum term of 13 years. In defendant Blankymsee's case, his sentences were merged so that the largest indeterminate term of 8 to 16 years controls.

Our prior analysis of section 70.30 does not support defendants' argument that their respective sentences must be treated as separate and discrete. In *People v Buss* (11 NY3d 553 [2008]), we held that under Penal Law § 70.30 consecutive and concurrent sentences are merged or aggregated and thus "*made into one*" (*id.* at 557). The defendant there pleaded guilty to unrelated crimes that occurred years apart, but the Board of Examiners of Sex Offenders sought to have defendant registered under the Sex Offender Registration Act (SORA) for the first crime even though his sentence for that crime had expired before SORA became effective. We applied Penal Law § 70.30 to the question "whether a prisoner who has been given multiple sentences is subject to all his sentences for the duration of his term of imprisonment," and answered that question in the affirmative on the basis that Penal Law § 70.30 converts multiple sentences into a "single, indeterminate sentence" (*id.*). We held

that "for SORA purposes a prisoner serving multiple sentences is subject to all the sentences, whether concurrent or consecutive, that make up the merged or aggregate sentence he is serving" (*id.* at 557-558).

Defendants argue that *Buss* is distinguishable because that case involved registration under SORA. However, our analysis of section 70.30 did not depend on SORA. Quite the contrary. In *Buss* we analyzed section 70.30 based on the language of the statute, and applied our interpretation of the requirements of section 70.30 to SORA. Nothing in the case suggests that our interpretation of section 70.30 was dependent on SORA, or limited to SORA cases.

Defendants' reliance on *Matter of State of New York v Rashid* (16 NY3d 1 [2010]) in support of their argument that section 70.30 does not apply to their sentences is unavailing. In that case, we concluded that section 70.30 could not be used to bring an ineligible sex offender under the civil management provisions of Mental Hygiene Law article 10 because that article contains its own rules for determining which crimes count for eligibility under the statute. Thus, *Rashid* recognized that superimposing section 70.30 on the detailed legislative scheme applicable to article 10 would "distort th[e] statutory scheme" (*id.* at 19). There is no similar statutory scheme involved in the appeals before us, only the original sentences which were properly calculated and aggregated in accordance with section 70.30.

As we stated in *Williams* and *Lingle*, a legitimate expectation of finality turns on the completion of a sentence. Where multiple sentences are properly aggregated into a single sentence, that expectation arises upon completion of that sentence. Defendants Brinson and Blankymsee will have a legitimate expectation of finality upon completion of their respective aggregated sentences. Until such time, resentencing for purposes of correcting their illegal determinate sentences does not run afoul of the Double Jeopardy Clause and the prohibition against "multiple punishments." The Appellate Division orders should be affirmed.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and ABDUS-SALAAM concur.

In each case: Order affirmed.