■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS NUNEZ, Appellant. [969 NYS2d 161]—

Appeal by the defendant from a resentence of the County Court, Rockland County (Apotheker, J.), imposed June 13, 2011, upon his conviction of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, the resentence being a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on May 11, 2000, upon the conviction of assault in the first degree.

Ordered that the resentence is affirmed.

The defendant's contention that the County Court improperly resentenced him after the expiration of the time limit set forth in Correction Law § 601-d (4) (d) is without merit (*see People v Velez*, 19 NY3d 642, 649 [2012]; *People v McDaniel*, 99 AD3d 814, 814 [2012]).

The defendant's contention, in effect, that his resentencing to a term including the statutorily required period of postrelease supervision violated his right to due process also is without merit, since he had not yet completed his originally imposed sentence of imprisonment at the time he was resentenced (*see People v Lingle*, 16 NY3d 621, 630-632 [2011]; *People v Louis*, 90 AD3d 1075, 1075 [2011]).

The defendant's remaining contentions are without merit. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.