— Appeal by the de *552 fendant from a resentence of the Supreme Court, Queens County (Braun, J.), imposed March 8, 2012, upon his convictions of rape in the first degree, sodomy in the first degree (two counts), sexual abuse in the first degree (four counts), robbery in the third degree, and unlawful imprisonment in the first degree, upon a jury verdict, the resentence being periods of postrelease supervision in addition to the determinate terms of imprisonment previously imposed by the same court (Katz, J.), on March 24, 2004, upon the convictions of rape in the first degree, sodomy in the first degree, and sexual abuse in the first degree.
Ordered that the resentence is affirmed.
Inasmuch as the defendant had not yet completed serving his originally imposed sentences of imprisonment when he was resentenced, his resentencing to a term including the statutorily required periods of postrelease supervision did not violate the Double Jeopardy and Due Process Clauses of the United States Constitution (see People v Lingle, 16 NY3d 621, 630-632 [2011]; People v Pemberton, 93 AD3d 681 [2012]; People v Mills, 90 AD3d 1076 [2011]; People v Louis, 90 AD3d 1075 [2011]; People v Algarin, 89 AD3d 859 [2011]).
The defendant’s remaining contention is without merit. Eng, EJ., Rivera, Leventhal and Sgroi, JJ., concur.