Judgment of resentence, Supreme Court, New York County (Renee A. White, J.), rendered August 10, 2010, resentencing defendant to an aggregate term of seven years, with five years’ postrelease supervision, unanimously affirmed. Order, same court and Justice, entered on or about August 10, 2010, which adjudicated defendant a level three sex offender under the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (see People v Lingle, 16 NY3d 621 [2011]). A defendant has no legitimate expectation of finality until he or she has completed an aggregated sentence (see People v Brinson, 21 NY3d 490 [2013]). Here, defendant was resentenced prior to the maximum expiration date of his single aggregated sentence. Thus, the Supreme Court properly resentenced defendant to add a period of postrelease supervision. Although defendant’s *538 consecutive sentences were imposed on different dates regarding separate, unrelated indictments, the sentences are added together, yielding a single sentence pursuant to Penal Law § 70.30 (see People v Buss, 11 NY3d 553, 557 [2008]). We do not find the term of postrelease supervision to be excessive.
The court properly adjudicated defendant a level three sex offender. We reject defendant’s arguments that the court improperly included 10 points for defendant’s failure to take responsibility, and improperly imposed an override. In any event, if those 10 points and the override are disregarded, defendant would still be a level three offender, and we find no basis for a discretionary downward departure to level two (see generally People v Pettigrew, 14 NY3d 406, 409 [2010]). Concur — Mazzarelli, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.