■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA F. CARDENAS, Appellant. [981 NYS2d 577]—

Appeal by the defendant from an amended judgment of the County Court, Westchester County (Capeci, J.), rendered March

22, 2012, convicting her of criminal trespass in the second degree, upon her plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Ronnie James Ritz for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Gerald Zuckerman, Esq., 175 Main Street, Ossining, N.Y., 10562, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated October 1, 2012, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that a nonfrivolous issue exists as to whether the defendant was subjected to double jeopardy (*see People v Brinson*, 21 NY3d 490, 494 [2013]) when the County Court purported to pronounce a sentence of four months' incarceration on the conviction of criminal trespass in the second degree on February 14, 2012, and more than one month later, pronounced the definite sentence of one year of incarceration on the same charge, which the defendant now appeals. Additional nonfrivolous issues exist, including, but not necessarily limited to, whether the increased sentence may have had collateral consequences (*see e.g. People v Cuaran*, 261 AD2d 169, 170 [1999]). Accordingly, assignment of new counsel is warranted (*see People v McNair*, 110 AD3d 742 [2013]; *People v Singleton*, 101 AD3d 909, 910 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 258 [2011]). Mastro, J.P., Balkin, Sgroi and Hinds-Radix, JJ., concur.