*1060 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules and a determination of the Board of Parole which denied petitioner’s request for parole release.
In 1987, while on probation for his 1985 conviction of criminal possession of stolen property, petitioner fatally shot another person over a drug dispute. He was convicted of manslaughter in the first degree and criminal possession of a weapon in the second degree and sentenced to an aggregate term of 8V.3 to 25 years in prison, to run consecutively to the 1 to 3 years imposed upon his 1985 conviction. While incarcerated, in 1995, he was convicted of promoting prison contraband in the first degree for possessing a sharpened metal weapon and sentenced to 3x/2 to 7 years in prison, to run consecutively to the sentence he was then serving. In August 2012, petitioner appeared before the Board of Parole; his request for release was denied and he was ordered to be held for an additional 24 months.* That determination was subsequently affirmed on administrative appeal.
In March 2012, petitioner was charged in a misbehavior report with assault, violent conduct, possession of a weapon or dangerous instrument and refusal to obey a direct order after he approached another inmate from behind and stabbed him in the left side of the head with a pen. Following a tier III disciplinary rehearing, petitioner was found guilty as charged. After that determination was affirmed on administrative appeal, petitioner commenced this proceeding, challenging both the prison disciplinary determination and the determination denying him parole.
We now uphold both determinations. Turning first to the denial of parole, we conclude that the Board properly considered the relevant statutory factors, including petitioner’s criminal history, significant prison disciplinary record, COMPAS Reentry Assessment, sentencing minutes and release plans (see Matter of Hamilton v New York State Div. of Parole, 119 AD3d 1268, 1273 [2014]; Matter of Partee v Evans, 117 AD3d 1258, 1259 [2014], lv denied 24 NY3d 901 [2014]). Although petitioner’s COMPAS *1061 Risk and Needs Assessment Instrument indicated that he was at a low risk for violence, rearrest and absconding, “[t]he COMPAS instrument ... is only one factor that the Board [is] required to consider” (Matter of Rivera v New York State Div. of Parole, 119 AD3d 1107, 1109 [2014]). Nor did the Board erroneously consider the circumstances of the crimes underlying his 1985 and 1987 convictions although those sentences would have expired if petitioner had not been convicted of additional crimes. “[P]ursuant to the provisions of Penal Law § 70.30 (1) (b), the minimum and maximum sentences of [his] indeterminate consecutive sentences [were] . . . ‘added to form aggregate minimum and aggregate maximum wholes’ ” (Matter of Santiago v Alexander, 80 AD3d 1105, 1106 [2011], lv denied 17 NY3d 705 [2011], quoting People v Buss, 11 NY3d 553, 557 [2008]). Petitioner does not contend that his consecutive sentences were improperly aggregated; thus, he was “subject to all the sentences . . . that make up the merged or aggregate sentence he is serving” (People v Buss, 11 NY3d at 557-558; see Matter of Santiago v Alexander, 80 AD3d at 1106; see also People v Brinson, 21 NY3d 490, 495-496 [2013]). In short, the Board’s determination must be confirmed.
With respect to the prison disciplinary determination, it is supported by substantial evidence in the form of the misbehavior report, testimony of the investigating officers, and the contemporaneous reports and memoranda (see Matter of McFadden v Prack, 120 AD3d 853, 854 [2014], lv dismissed 24 NY3d 930 [2014]; Matter of Hyatt v Fischer, 118 AD3d 1192, 1192 [2014]). The alleged inconsistencies in the testimony and documentary evidence presented a credibility issue for the Hearing Officer to resolve (see Matter of Hyatt v Fischer, 118 AD3d at 1192). In addition, petitioner’s contention that a pen cannot be a weapon under the relevant disciplinary rules has been previously considered by this Court and rejected (see Matter of Ferguson v Fischer, 107 AD3d 1272, 1272 and n [2013]; 7 NYCRR 270.2 [B] [14] [i]). Inasmuch as there is no dispute regarding the content of the testimony of petitioner’s inmate witnesses who testified outside his presence, and petitioner wished only to ask them questions that were immaterial, we reject his assertion that annulment is required on that basis (see Matter of Pelaez v Early, 102 AD3d 1030, 1030 [2013]).
Petitioner’s remaining arguments, to the extent that they are preserved, have been considered and found to be lacking in merit.
Peters, PJ., McCarthy, Rose, Egan Jr. and Lynch, JJ., concur.
*1062 Adjudged that the determinations are confirmed, without costs, and petition dismissed.

 Petitioner’s reappearance has been postponed pending resolution of his administrative appeal of a new prison disciplinary determination.