Matter of Jones v Annucci (2022 NY Slip Op 03293)

Matter of Jones v Annucci

2022 NY Slip Op 03293

Decided on May 19, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 19, 2022

531781
[*1]In the Matter of Andrew Jones, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:April 20, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Andrew Jones, Wallkill, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondents.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered March 10, 2020 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision calculating petitioner's parole eligibility date.
In 1999, petitioner was sentenced to a prison term of 6 to 12 years upon his conviction of criminal sale of a controlled substance in the third degree. In 2001, petitioner was sentenced to a prison term of seven years with five years of postrelease supervision upon his conviction of assault in the second degree, which ran consecutively to his 1999 sentence. In 2003, petitioner was convicted of murder in the second degree, for which he was sentenced to 23 years to life in prison, to run consecutively to the 1999 and 2001 sentences. The Department of Corrections and Community Supervision (hereinafter DOCCS) calculated petitioner's parole eligibility date on those sentences as March 3, 2036. Thereafter, in 2016, the 2001 assault conviction was reversed on appeal (People v Jones, 136 AD3d 1153 [2016], lv denied 27 NY3d 1000 [2016]). Upon remittal to the trial court, petitioner pleaded guilty to the same offense and was sentenced to a prison term of five years with five years of postrelease supervision. That conviction was also ultimately reversed, and the indictment was dismissed (People v Jones, 171 AD3d 1249 [2019], lv denied 33 NY3d 1070 [2019]). DOCCS recalculated petitioner's parole eligibility date to be March 3, 2030, based upon the 29-year aggregate of the minimum sentences imposed on the consecutive, indeterminate sentences in 1999 (six years) and 2003 (23 years).
Petitioner then commenced this CPLR article 78 proceeding challenging the parole eligibility calculation, claiming, among other things, that, under Penal Law § 70.30 (5), he is entitled to 12 years of credit against his 2003 sentence for the time that he served under the vacated 2001 and 2016 sentences. Respondents opposed the application on several grounds. Supreme Court dismissed the petition, and petitioner appeals.
We affirm, finding that DOCCS correctly calculated petitioner's parole eligibility date for his 1999 and 2003 sentences. To that end, after petitioner's 2001 and 2016 sentences were vacated, he remained subject to the consecutive 1999 and 2003 indeterminate sentences. Under Penal Law § 70.30 (1) (b), where multiple consecutive indeterminate sentences are imposed, the minimum terms imposed on each are added together to arrive at an aggregate minimum term, here 29 years for the 1999 and 2003 sentences, minus 153 days of jail time credit that is not in dispute. This results in a parole eligibility date of March 3, 2030. Petitioner's argument that he is entitled to 12 years of credit for "time served" — which he attributes to his 2001 and 2016 sentences that were later vacated — is incorrect given how multiple consecutive, indeterminate sentences [*2]are, by statute, calculated. Under Penal Law § 70.30 (1) (b), multiple consecutive, indeterminate sentences "are made into one," resulting in "a single, indeterminate [aggregate] sentence," and an incarcerated individual "is subject to all the sentences
. . . that make up the . . . aggregate sentence" being served (People v Buss, 11 NY3d 553, 557 [2008]; see People v Brinson, 21 NY3d 490, 495-496 [2013]; Matter of Dawes v Annucci, 122 AD3d 1059, 1061 [2014]). Consequently, petitioner was not at any point solely serving the individual sentences imposed in 2001 and 2016 (see id.). Thus, no portion of the time that petitioner was serving after the 2001 and 2016 sentences were imposed can be attributed to either of those sentences individually, as the time is served on the single, aggregate sentence. Rather, the vacatur of those sentences resulted in a reduced minimum aggregate sentence and a concomitant recalculation of his earlier parole eligibility date.
Further, petitioner's reliance on Penal Law § 70.30 (5) is misplaced. Although that provision permits an incarcerated individual to receive credit for time served under a vacated sentence against a new sentence for the same offense, it only applies in the event that a new sentence is imposed to replace the vacated sentence (see Matter of Charles v New York State Dept. of Correctional Servs., 96 AD3d 1341, 1342-1343 [2012], lv denied 20 NY3d 853 [2012]). As the 2001 and the 2016 sentences were both vacated and the indictment dismissed, petitioner was not subject to a new sentence for that offense and, thus, was not entitled to credit for any time served under those vacated sentences under this statutory provision (see Matter of Manley v Annucci, 167 AD3d 1202, 1205 [2018]).
Petitioner's remaining contentions, including his double jeopardy claim, have been examined and, to the extent preserved for our review, found to be without merit.
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.